UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDYN GAYLER,<br><br>Plaintiff,<br><br>v.<br><br>HIGH DESERT STATE PRISON, *et al.,*<br><br>Defendants. | Case No. 2:17-CV-02429-JAD-EJY<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Extend Discovery for 90 days (ECF No. 26) and Supplement thereto (ECF No. 28). Also, before the Court is Defendants' Opposition to Plaintiff's Motion for Extension. ECF No. 30.

As Defendants argue, Plaintiff failed to engage in mandatory meet and confer obligations before filing his Motion to Extend Discovery. Although Plaintiff is *pro se* and incarcerated, he is not relieved from complying with the Rules of Civil Procedure. Courts may broadly construe pleadings filed by *pro se* litigants, but even *pro se* litigants must comply with these Rules. *See e.g. King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987). Thus, even construing Local Rule 26-7(C) liberally,[1] there is no evidence Plaintiff made any attempt to meet and confer with Defendants before filing his Motion. The Court, however, will reasonably infer that a meet and confer would have been futile in this case.[2] That is, the Court would not have expected Defendants to refuse to respond to Plaintiff's discovery served five days late.

Plaintiff does not explain why he waited to reserve his discovery requests until January 27; however, Defendants explain that when Plaintiff and Defendant spoke on December 30, 2019,

---

[1] LR-26-7(c) states in pertinent part that: "Discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and confer conference about each disputed discovery request."

[2] Futility is a recognized basis, under certain circumstances, to excuse a failure to meet and confer. The Court finds such circumstances present here. *See Pickett v. Nev. Bd. of Parole Com'rs,* 2012 WL 1376969, at \*3 (D. Nev. Apr. 19, 2012); *Feldman v. Pokertek, Inc.,* 2011 WL 4543990, at \*2 (D. Nev. Nov. 30, 2010); *Yue v. Storage Tech. Corp.,* 2008 WL 4185835, at \*7 (N.D. Cal. Sept. 5, 2008); *Thomas v. Baca,* 231 F.R.D. 397, 404 (C.D. Cal.2005).

1  counsel for Defendants "agreed to extend the Interrogatory response deadline to January 29, 20[20]
2  …." ECF No. 30 at 2.  Thus, when Plaintiff served his discovery responses on January 22, 2020, it
3  is reasonable to presume Plaintiff believed he was serving them timely.  In fact, Plaintiff states his
4  misunderstanding on page 3 of ECF Nos. 26 and 28 (after speaking in late December or, as Plaintiff
5  believes, early January, "[t]he Defendants and the Plaintiff agreed to extend the request extension
6  for approximately thirty days.")  Plaintiff further states that "[t]he [d]iscovery that remains to be
7  completed" are the answers to Plaintiff's request for admissions and interrogatories.  *Id*. at 5.

8  The Court finds that based on the foregoing and Plaintiff's additional explanation of efforts to properly conduct discovery found in his Motion and Supplement, Plaintiff has established the good cause required by local rule.  Plaintiff provides a reasonable basis for his simple misunderstanding as well as his diligence in seeking discovery.  There is no evidence of carelessness by Plaintiff.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Extend Discovery for 90 Days (ECF No. 26), and Motion for Leave to Supplement his Motion to Extend Discovery for 90 Days (ECF No. 28) are GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that discovery is reopened for the sole purpose of providing Defendants 30 days to respond (including objections) to Plaintiff's pending discovery requests.  No additional discovery by Plaintiff shall be allowed.

IT IS FURTHER ORDERED that Plaintiff's Motions (ECF Nos. 26 and 28) are otherwise denied.

DATED:  March 9, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE