AARON D. FORD
  Nevada Attorney General
KATLYN M. BRADY (Bar No. 14173)
  Deputy Attorney General
State of Nevada
Office of the Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
Telephone: (702) 486-6601
Facsimile:  (702) 486-3773
E-Mail: katlynbrady@ag.nv.gov

*Attorneys for Defendants*
*James Dzurenda, Alexis Lozano,*
*Perry Russell, David Tristan,*
*and Brian Williams*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BRANDYN GAYLER, | CASE NO. 2:17-cv-02429-JAD-EJY |
| Plaintiff, | |
| vs. | **DEFENDANTS' UNOPPOSED MOTION TO EXTEND THE DISPOSITIVE MOTION DEADLINE (SECOND REQUEST)** |
| HIGH DESERT STATE PRISON, et al., | |
| Defendants. | |

Defendants, James Dzurenda, Alexis Lozano, Perry Russell, David Tristan and Brian Williams, by and through counsel, Aaron D. Ford Attorney General for the State of Nevada, and Katlyn M. Brady, Deputy Attorney General, requests this Court grant its unopposed Motion to Extend the Dispositive Motion Deadline.

## INTRODUCTION

This Court should grant Defendants' unopposed Motion to Extend the Dispositive Motion Deadline. On March 9, 2020, this Court granted Plaintiff's Motion to Extend Discovery by 90 days. ECF No. 31. The parties completed the outstanding discovery, but need additional time to determine whether further discovery is necessary. Specifically, the parties are attempting to engage in informal document disclosures to avoid reopening

1  discovery. The informal document disclosure is related to email(s) identified by Perry
2  Russell in his interrogatory responses. Accordingly, the Defendants now move to extend
3  the dispositive motion deadline 90 days to allow the parties to review the recently disclosed
4  information.

## PROCEDURAL HISTORY

6  This Court entered a scheduling order, which held that discovery would close on
7  February 17, 2020. ECF No. 18. The deadline to file a dispositive motion was set for March
8  18, 2020. *Id.*

9  On February 13, 2020, Plaintiff filed a Motion to Extend Discovery by 90 days. ECF
10 No. 26. On March 9, 2020, this Court granted Plaintiff's motion and held it would extend
11 discovery by 90 days to allow Defendants to respond to Plaintiff's untimely discovery. ECF
12 No. 31. However, the order did not extend the dispositive motion deadline. *See id.* Accordingly,
13 the Defendants submitted an unopposed motion to extend discovery based upon the reopening
14 of discovery. ECF No. 32. This Court granted the motion. ECF No. 33.

15 On April 27, 2020, Defendants provided Plaintiff with the following discovery
16 responses: (1) David Tristan's responses to requests for admissions; (2) Perry Russell's
17 responses to requests for admissions; (3) Alexis Lozano's responses to requests for admissions;
18 (4) James Dzurenda's responses to requests for admissions; and (5) Brian Williams' responses
19 to requests for admissions. Declaration of Counsel attached as Ex. A at ¶3.

20 On May 11, 2020, Defendants provided Plaintiff with the following discovery
21 responses: (1) David Tristan's responses to interrogatories; (2) Perry Russell's responses to
22 interrogatories (3) James Dzurenda's responses to interrogatories; and (4) Brian Williams'
23 Responses to interrogatories. On May 15, 2020, Defendants provided Plaintiff Alexis Lozano's
24 responses to interrogatories. *Id.* at ¶ 4.

25 On May 28, 2020, counsel and Plaintiff engaged in a meet and confer to discuss the
26 dispositive motion deadline. Plaintiff indicated that based on the interrogatory responses he
27 believed there was an email he needed to review before the parties filed dispositive motions.
28 Declaration. Counsel agreed to request the relevant documents, if they exist, and provide

them to Plaintiff. *Id.* at ¶ 5-6. The parties believe that this informal discovery production will avoid the need to reopen discovery and unnecessarily utilize judicial resources. *Id.* at ¶ 7. The parties further agreed that it was necessary to extend the dispositive motion deadline to allow for this informal discovery and discussion. *Id.* Accordingly, Plaintiff agreed that Defendants would submit an unopposed motion to extend the dispositive motion deadline 90 days. *Id.* at 9.

## LEGAL STANDARD

Motions to enlarge are governed by FED R. CIV. PROC. 6(b) and Nevada Local Court Rule 26-4.

> (b) Extending Time.
>
>> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>>
>>> (A) With or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
>>>
>>> (B) On motion made after the time has expired if the party failed to act because of excusable neglect.[1]

And

> LR 26-4. EXTENSION OF SCHEDULED DEADLINES
>
>> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>>
>>> (a) A statement specifying the discovery completed;
>>>
>>> (b) A specific description of the discovery that remains to be completed;

---

[1] FED R. CIV. PROC. 6(b).

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing all remaining discovery.[2]

## LEGAL ARGUMENT

This Court should extend the dispositive motion deadline because the parties are engaging in extremely limited informal discovery exchanges. In accordance with LR 26-4, Defendants provide the following information.

**1.    The discovery completed to date**

To date, the following discovery was completed: Brian Williams' Interrogatories to Plaintiff, James Dzurenda's Interrogatories to Plaintiff, Alexis Lozano's Interrogatories to Plaintiff, Perry Russell's Interrogatories to Plaintiff, and David Tristan's Interrogatories to Plaintiff; David Tristan's responses to requests for admissions; Perry Russell's responses to requests for admissions; Alexis Lozano's responses to requests for admissions; James Dzurenda's responses to requests for admissions; and Brian Williams' responses to requests for admissions; David Tristan's responses to interrogatories; Perry Russell's responses to interrogatories; James Dzurenda's responses to interrogatories; Brian Williams' Responses to interrogatories; and Plaintiff Alexis Lozano's responses to interrogatories.

**2.    Discovery that remains to be completed**

The following discovery remains outstanding: an informal exchange of existing documents regarding Plaintiff's disciplinary charges.

**3.    The reason the dispositive motion deadline cannot be completed**

The current dispositive motion deadline cannot be completed because the parties are engaging in an informal discovery process regarding Plaintiff's claims. Specifically, the interrogatory responses revealed the possible existence of an email(s) that could be highly relevant to Plaintiff's claims. To avoid reopening discovery, counsel has agreed to search

---

[2] Nevada Local Court Rules 26-4.

Page 4 of 6

for the email(s) and produce it, should it exist. Dispositive motions cannot be completed until this search and disclosure has been completed.

4. **Proposed discovery schedule**

**Deadline for Dispositive Motions**: September 7, 2020

**Deadline for Joint Pretrial Order**: October 7, 2020. If dispositive motions are filed, the joint pretrial order is due thirty (30) days after the entry of the Court's order on the motions.

## CONCLUSION

This Court should grant Defendants' unopposed motion to extend the dispositive motion deadline. The parties respectfully request this Court extend the dispositive motion deadline so the parties can engage in informal discovery.

DATED this 3rd day of June, 2020.

AARON D. FORD
Attorney General

By: /s/ Katlyn M. Brady
Katlyn M. Brady (Bar No. 14173)
Deputy Attorney General
*Attorneys for Defendants*

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

**Dated:  June 3, 2020**